Filed 9/25/20  P. v. Venegas CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL SAUCEDO VENEGAS,<br><br>    Defendant and Appellant. | B301761<br><br>(Los Angeles County<br>Super. Ct. No. TA120194) |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Affirmed.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant was convicted, following a jury trial, of "one count of shooting at an inhabited dwelling in violation of Penal Code[1] section 246, one count of shooting from a motor vehicle in violation of section 12034, subdivision (c), one count of assault on a peace officer in violation of section 245, subdivision (c), and one count of being an accessory after the fact in violation of section 32. The jury found true the allegations that the shootings and assault were committed for the benefit of a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(B) and (b)(4) and that a principal was armed with a handgun in the commission of the shootings within the meaning of section 12022, subdivision (a)(1). The trial court sentenced [defendant] to a total term of 15 years to life in state prison for the section 246 conviction, pursuant to section 186.22, subdivision (b)(4)(B). The . . . court also imposed concurrent terms of seven years for the section 12034 conviction, five years for the section 245 conviction, and three years for the section 32 conviction." (*People v. Venegas* (Sept. 11, 2014, B250678 [nonpub. opn.].)

On appeal, a prior panel of this court reversed defendant's conviction and remanded to the trial court for consideration of defendant's motion to enter an open plea. (*People v. Venegas, supra*, B250678.)

On December 30, 2016, the trial court, on remand, conducted a hearing at which defendant entered an open plea of no contest to the four charged counts. The court then sentenced defendant to an aggregate term of 18 years in prison. The court further found good cause not to impose certain fines and fees but held a restitution hearing on May 18, 2017.

---

[1] "All further statutory references are to the Penal Code unless otherwise specified."

On May 18, 2017, the trial court ordered defendant to make restitution to the victim, Los Angeles County, in the amount of $3,619.46, pursuant to section 1202.4, subdivision (f).

On August 30, 2019, defendant filed a motion to modify his sentence pursuant to section 1202.4, contending that the trial court had imposed the order requiring defendant to pay restitution upon the "apparent ERRONEOUS assumption that [defendant] could pay that fine out of his future wages while incarcerated." Defendant requested that the court reduce the order of restitution.

On September 23, 2019, the trial court denied defendant's motion on the grounds that (1) defendant had not shown a prima facie case for relief and (2) the court did not have jurisdiction to modify defendant's sentence or change the restitution fine.

Defendant timely filed a notice of appeal.

We appointed counsel to represent defendant on appeal. Defendant's appointed appellate counsel filed an opening brief citing *People v. Wende* (1979) 25 Cal.3d 436 and requesting that we independently review the entire record to determine if there are any arguable issues. On July 9, 2020, we notified defendant that appointed appellate counsel had failed to find any arguable issues and that he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant did not submit a supplemental brief. We express no opinion on whether an independent review of the record is necessary under the circumstances of this case. We have, however, conducted such a review and are satisfied that defendant's appointed appellate counsel has fully complied with her responsibilities and no arguable issues exist.

3

DISPOSITION

The trial court's denial of defendant's motion to modify sentence is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.